Guernsey, J.,
dissenting. I dissent from the judgment, concur in the foregoing opinion by Chief Justice Taft and make additional observations which I deem pertinent to the issues.
The first paragraph of item ninth of the will does, as stated *360 in the majority opinion, direct “my executors or trustees” “to hold or dispose of” the residuary estate. However, this direction is limited by the additional phrases, “my executors or trustees, as the case may he, to hold or dispose of the same as follows.” (Emphasis added.) Then follow instructions as to the disposition of the respective trust shares.
As also stated in the majority opinion, by subparagraph (1) of item twelfth, a general permissive authority is given to the executors and trustees to sell, lease,, mortgage or otherwise dispose of any real property (other than that specifically devised) of which the decedent dies seized, “or in which my estate may from time to time be invested or re-invested.” Nevertheless, this subparagraph is preceded and limited by the preamble to item twelfth giving to the “executors and trustees” “the following powers and authority, all of which, unless othertoise specified below, may be exercised by my executors and by my trustees in either or both such fiduciary capacities at any time and from time to time as such executors and such trustees may in his and its absolute discretion deem advisable.” (Emphasis added.) It is then otherwise specified below in subparagraph (2) of item twelfth that “I direct that my executors shall sell as promptly as is feasible after my death, in such manner as they deem most practical and advantageous, my residence property at Lakewood * * * and also all other real property owned by me. But I authorize my executors or my trustees * * * in their discretion, to retain my property * * * known as ‘Pine Top’ * * * for a period of three years after my death * * (Emphasis added.)
It is obvious from the foregoing (or from a perusal of the entire will, or both) that the testatrix, in each instance, used the terms, “executors,” “trustees,” “executors and trustees,” and “executors or trustees,” advisedly in bestowing upon them and in differentiating their respective powers and duties. Her intent is clear to impose upon the executors, as distinguished from the trustees, a mandatory duty to sell all her real property except “Pine Top” in the course of their administration of her estate. But for “Pine Top” there is to be no distribution by her executors of the residuary estate except in the form of personal property, and then only after they have satisfied all the *361 charges against the estate including debts, costs of administration, and taxes.
The location of the real estate in Ohio provides a tax situs for inheritance tax and creates a tax liability in Ohio which may not be defeated by a mere direction of the testatrix to convert the real property to personal property, which then might acquire an actual or fictional situs at the place of the decedent’s residence. However, the trustees, as residuary legatees, do not receive, or succeed to, a building or real estate valued at $87,500. By virtue of the testamentary mandate to sell and to pay all charges against the estate, including taxes, the property in Ohio has to bear its share of these charges proportionately with all other property in the residuary estate, and the trustees, as residuary legatees, receive, or succeed to, Ohio property only to the extent of the amount remaining after the payment of these charges is made or provided for.
Section 7, Article XII of the Ohio Constitution, provides that “laws may be passed providing for the taxation of the right to receive, or to succeed to, estates.” Of necessity it follows that an inheritance tax may not be levied as to an amount which a successor does not receive or does not succeed to. This constitutional limitation is implicit in all the Ohio inheritance tax statutes and requires that anything which the legatee oxdevisee does not receive be excluded from the “value of the aggregate succession” determined under the provisions of Section 5731.10, Revised Code.
In the event of intestacy, personal property is first consumed to satisfy the charges against an estate, and in the event of testate succession these charges are ordinarily satisfied from property other than that included in specific legacies and devises. Moreover, if a decedent’s assets are sxxfficient, he may by testamentary mandate cause designated assets or successions to be subjected to, or exempted from, one or more of the various classes of charges against his estate, such as debts incurred prior to the time of decease, estate taxes, costs of administration other than estate taxes, and charges against the estate generally made so only by virtue of the direction of the testator (e. g., a direction to pay an inheritance tax ordinarily chargeable only to the successor or against a succession). It *362 follows that charges against an estate may have various impacts on the respective snccesssions in the same estate, or on successions in different estates. It is apparent to me that this is the reason why the Legislature, in its enactment of Section 5731.10, Revised Code, provided specifically that the successor shall be allowed a proportion of the exemption, which rule of law would be applicable to all successions, but could not readily make a single specific and universally applicable rule of law as to debts. The only reasonable alternative was for the Legis-. lature to incorporate the Probate Code therein by reference and to provide generally, as it did, for the allowance of ‘ ‘ deductions computed as though the decedent had been a resident of this state and all of his property were located in this state.”
Finally, although much may be said for following established administrative procedure, as the appellee claims should be done here, nothing may be said for following such procedure if to do so either violates the command of the statute or makes the statute unconstitutional in its application.